# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Thaddius Intravaia, *et al*., | |
| Plaintiffs, | |
| v. | Case No. 1:19-cv-00973-LO-IDD |
| National Rural Electric Cooperative Association, *et al*., | **CLASS ACTION SETTLEMENT AGREEMENT** |
| Defendants. | |

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all putative Class Members, and Defendants, as defined herein.

**1.      ARTICLE 1 – RECITALS**

1.1      On July 25, 2019, the Class Representatives, Thaddius Intravaia and Steven Marvik, filed a Class Action Complaint (ECF No. 1) in the United States District Court for the Eastern District of Virginia, asserting claims against Defendants under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in relation to the management of the NRECA 401(k) Pension Plan (the "Plan").

1.2      On September 20, 2019, Defendants moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 32). In response, Plaintiffs amended their Complaint. (ECF No. 41). Defendants moved to dismiss the Amended Complaint on November 1, 2019. (ECF No. 42). After full briefing and a hearing, the Court denied Defendants' motion to dismiss the Amended Complaint on January 2, 2020. (ECF Nos. 66, 69).

1.3      The parties then engaged in extensive discovery. Defendants produced over 124,000 pages of documents and additional class data. Plaintiffs also received documents from multiple third parties, including the independent fiduciary that oversaw the implementation of the 2012 settlement between the Department of Labor and the National Rural Electric Cooperative Association ("NRECA"). In addition, Plaintiffs also consulted with two experts and served initial expert reports on June 11, 2020.

1.4      The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in significant benefits to the Class.

**1.5**     Defendants deny all liability to the Class Representatives, deny all of the claims made in the Action, deny all allegations of wrongdoing made in the Complaint in this action, and deny that the Class Representatives, the Plan, or any of the Plan's current or former participants suffered any losses. Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plan. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event be construed as, or deemed to be evidence of, an admission or concession on Defendants' part (or on the part of any officers or employees of Defendants with responsibility for the Plan's administrative or fiduciary functions) of any fault or liability whatsoever.

**1.6**     To avoid the risks and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties wish to fully and finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

**1.7**     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

**2.      ARTICLE 2 – DEFINITIONS**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.15), unless otherwise defined, the following terms have the meanings specified below:

**2.1**     "Action" means the action captioned *Thaddius Intravaia, et al. v. National Rural Electric Cooperative Association, et al.*, No. 1:19-cv-00973-LO-IDD, in the United States District Court for the Eastern District of Virginia.

**2.2**     "Active Account" means an individual investment account in the Plan with a balance greater than $0.00.

**2.3**     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (1) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (2) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (3) all expenses and costs associated with the calculations pursuant to the Plan of Allocation and distribution of funds under the Plan of Allocation; (4) all fees and expenses associated with the Settlement Website and telephone support line described in Article 12; and (5) all other fees and expenses of the Settlement Administrator, Independent Fiduciar(ies), and the

Escrow Agent. Excluded from Administrative Expenses are NRECA's internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

2.4 "Alternate Payee" means a person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a participant's account balance during the Class Period, and the relevant account was an Active Account in the Plan during the Class Period.

2.5 "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action, which shall be recovered from the Gross Settlement Amount.

2.6 "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Approval Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

2.7 "Beneficiary" means a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual or trust designated by the Current Participant or Former Participant as determined under the terms of the Plan who currently is entitled to a benefit.

2.8 "Business Days" refers to the days between Monday and Friday of each week, inclusive, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

2.9 "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.10 "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

2.11 "Class Counsel" means Nichols Kaster, PLLP, 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402.

2.12 "Class Members" means each of the individuals in the Settlement Class.

2.13 "Class Period" means the period from July 25, 2013 through (and including) July 31, 2020.

2.14 "Class Representatives" means Thaddius Intravaia and Steven Marvik.

2.15 "Class Representatives' Compensation" means the amount awarded by the Court as compensation

3

for the services provided by the Class Representatives in the Action and the risks assumed by the Class Representatives in the Action.

2.16     "Confidentiality Order" means the Stipulation and Order for the Protection and Exchange of Confidential Information, entered March 5, 2020. (ECF No. 79).

2.17     "Committee" means the Insurance and Financial Services Committee.

2.18     "Court" means the United States District Court for the Eastern District of Virginia.

2.19     "Court of Appeals" means the United States Court of Appeals for the Fourth Circuit.

2.20     "Current Participant" means a Class Member who has an Active Account in the Plan as of the date of the Court's Preliminary Approval Order.

2.21     "Defendants" means all defendants named in the Amended Complaint, including NRECA and the Insurance & Financial Services Committee.

2.22     "Defendants' Counsel" means counsel for Defendants, Groom Law Group, Chartered.

2.23     "Effective Approval Order" means the Final Approval Order once it becomes Effective.

2.24     "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Effective thirty-one (31) calendar days after its entry.

2.25     "Escrow Agent" means Alerus Financial, or another entity agreed to by the Settling Parties.

2.26     "Fairness Hearing" means the hearing scheduled by the Court to consider (1) any objections from Class Members to the Settlement Agreement; (2) Class Counsel's request for Attorneys' Fees, Costs, and Administrative Expenses; and the Class Representatives's request for Class Representatives Compensation; and (3) whether to finally approve the Settlement pursuant to Federal Rule of Civil Procedure 23.

2.27     "Final Approval" means the entry of the Final Approval Order.

2.28     "Final Approval Order" means the order and final judgment approving the Settlement Agreement,

implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

2.29    "Former Participant" means a Class Member who participated in the Plan during the Class Period but did not have an Active Account as of the date of the Court's Preliminary Approval Order.

2.30    "Former Participant Claim Form" means the form described generally in Paragraph 3.3.2 and substantially in the form attached as Exhibit 3.

2.31    "Gross Settlement Amount" means the sum of ten million dollars ($10,000,000), contributed to the Qualified Settlement Fund pursuant to Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Class Representatives, and Class Counsel made on behalf of Defendants in connection with the settlement effectuated through this Settlement Agreement, pursuant to Paragraph 5.6.

2.32    "I&FS Committee" means the Insurance and Financial Services Committee.

2.33    "Independent Fiduciary" means the person or entity selected by NRECA to serve as an independent fiduciary to the Plan with respect to the Settlement Agreement for the purpose of rendering the determination described in Article 3 herein.

2.34    "Net Settlement Amount" means the Gross Settlement Amount minus: (1) all Attorneys' Fees and Costs approved by the Court; (2) all Class Representatives' Compensation approved by the Court; (3) all Administrative Expenses approved by the Court and all tax-related expenses pursuant to Pareagraph 5.3.

2.35    "NRECA" means National Rural Electric Cooperative Association.

2.36    "The Plan" means the NRECA 401(k) Pension Plan.

2.37    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein.

2.38    "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 4.

2.39    "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 herein as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

2.40    "Released Parties" means (1) each Defendant; and (2) each Defendant's affiliates, members,

5

shareholders, directors, officers, employees, attorneys, partners, insurers, predecessors, successors, and any person or agent acting on their behalf, and (3) the Plan and any and all administrators, fiduciaries, parties in interest, service providers, and trustees of the Plan.

**2.41** "Released Claims" means any and all actual or potential claims actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, arising from the conduct occurring during the Class Period against any of the Released Parties:

**2.41.1** That were asserted in the Action or that are or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Amended Class Action Complaint, or in any complaint previously filed in the Action;

**2.41.2** That would be barred by res judicata based on entry by the Court of the Final Approval Order;

**2.41.3** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund pursuant to the Plan of Allocation; or

**2.41.4** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless release of such claims would violate ERISA.

**2.42** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.43** "Settlement Administrator" means Analytics Consulting LLC, an independent contractor to be retained by Class Counsel and approved by the Court for purposes of sending the Settlement Notices to the Class, establishing the Settlement Website and telephone support line, and administering the Settlement as provided in this Settlement Agreement.

**2.44** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.45** "Settlement Class" means the following class to be certified by the Court:

All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through July 31, 2020 excluding members of the Insurance

and Financial Services Committee, NRECA's Board of Directors, and the Plan Administrator.

**2.46**  "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 11.

**2.47**  "Settlement Notices" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail by the Settlement Administrator to Class Members following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibits 1 and 2, including the Notice of Class Action Settlement and Fairness Hearing to Current Participants, and the Notice of Class Action Settlement and Fairness Hearing to Former Participants, respectively.

**2.48**  "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

**2.49**  "Settlement Website" means the internet website established pursuant to Paragraph 12.1.

**2.50**  "Settling Parties" means Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

**3.  ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

**3.1**  The Independent Fiduciary shall be retained by NRECA, on behalf of the Plan, to determine whether to approve and authorize the settlement of the Released Claims on behalf of the Plan.

**3.1.1**  The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39, "Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination for the purpose of NRECA's reliance on PTE 2003-39.

**3.1.2**  The Independent Fiduciary shall notify NRECA and Class Counsel of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3**  All fees and expenses associated with the Independent Fiduciary's retention and determination will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

      **3.1.4**    NRECA, Defendants' Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.2**    The Class Representatives, through Class Counsel, shall promptly file with the Court a motion seeking preliminary approval of this Settlement Agreement, and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit 4. The Preliminary Approval Order to be presented to the Court shall, among other things:

      **3.2.1**    Certify the Settlement Class for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

      **3.2.2**    Approve the text of the Settlement Notices for mailing to Class Members and the Former Participant Claim Form for mailing to Former Participants;

      **3.2.3**    Order the Settlement Administrator to mail by first class mail a Settlement Notice to each Class Member and a Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by NRECA as the Plan's recordkeeper;

      **3.2.4**    Hold that mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process;

      **3.2.5**    Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims;

      **3.2.6**    Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan;

      **3.2.7**    Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order, in order to determine whether (1) the Court should approve the Settlement as fair, reasonable, and adequate, (2) the Court should enter the Final Approval Order, and (3) the

Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives Compensation;

**3.2.8**    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel, at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing;

**3.2.9**    Provide that any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing;

**3.2.10**   Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which time each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation; and

**3.2.11**   Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website, be adjourned or continued by order of the Court.

**3.3**    Within thirty-five (35) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1**    Cause to be mailed to each Class Member a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 1 and 2, to Current Participants and Former Participants, respectively, or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member provided by NRECA as the Plan's recordkeeper, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by NRECA as the Plan's recordkeeper. The Settlement Administrator also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

**3.3.2**    Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 3, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4**    The Settlement Administrator shall also, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Approval Order, have prepared and provided CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715. The costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses. The Settlement Administrator shall provide the Settling Parties with notice in writing upon completion of the provision of CAFA notices to the above-referenced entities and/or persons.

**3.5**    NRECA shall provide the Settlement Administrator with all information necessary to send the Settlement Notices no later than ten (10) Business Days before the Settlement Notices are to be distributed. Thereafter, NRECA shall respond timely to all written requests, including by email, from the Settlement Administrator for readily accessible data that are reasonably necessary to implement the Plan of Allocation and disburse the Net Settlement amount to eligible members of the Settlement Class.

**3.5.1**    The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

**3.5.2**    The Settlement Administrator shall use the data provided by NRECA as the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.5.3**    The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.**    **ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

**4.1**    No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit 5), which shall request approval by the Court of

the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1     For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2     For a determination that mailing the Settlement Notices constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members was provided, consistent with Federal Rules of Civil Procedure 23 and the requirements of due process;

4.1.3     For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Class Representatives on his own behalf or on behalf of the Class Members, or derivatively on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

4.1.4     That the Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement;

4.1.5     That the Plan shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing

11

Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

4.1.6    That the Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

4.1.7    That all applicable CAFA requirements have been satisfied;

4.1.8    That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court;

4.1.9    That within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

4.1.10    The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

4.2    The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Approval Order.

5.    **ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND**

5.1    No later than ten (10) Business Days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.

Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      **5.2**      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

      **5.3**      Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**      Within fifteen (15) Business Days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to NRECA in writing the escrow account name and IRS W-9 Form, NRECA or its insurers shall provide to the Escrow Agent a check in the amount of fifty percent of the Gross Settlement Amount ($5,000,000) for deposit into the Qualified Settlement Fund.

**5.5**      Within twenty (20) Business Days after the Final Approval Order, NRECA or its insurers shall provide to the Escrow Agent a check in the amount of the remainder of the Gross Settlement Amount ($5,000,000) for deposit into the Qualified Settlement Fund.

**5.6**      Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall NRECA or any of the Defendants be required to make payments or incur any expenses in excess of the Gross Settlement Amount. In no event shall any Defendant other than NRECA be required to make payments or incur any expenses under this Settlement Agreement. The Gross Settlement Amount shall be the only amount paid by NRECA (or its insurers) under this Settlement Agreement, and NRECA shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement including but not limited to any payments that the Class Representatives or Class Members may claim they are entitled to under the Plan as a result of this Settlement or any Class Representatives's or Class Member's recovery under this Settlement.

**5.7**      The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.8**      The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defendants' Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.9**      After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: First, within five (5) Business Days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid. Second, within sixty (60) calendar days of the Settlement Effective Date, (a) any Class Representatives' Compensation approved by the Court shall be paid; (b) all

Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be paid into the Plan for distribution pursuant to the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.10     The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.11     No later than February 15 of the year following the calendar year in which NRECA, its insurers, or agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, NRECA or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which NRECA, its insurers, or agents make a transfer to the Qualified Settlement Fund.

6.     **ARTICLE 6 – PLAN OF ALLOCATION**

6.1     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants as set forth in Paragraph 6.6 below, and to the Plan for distribution to the accounts of Current Participants as set forth in Paragraph 6.5 below, both in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2     To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their account in the Plan, as provided for in Paragraph 6.5 below, unless, as of the date of their settlement payments, they no longer have an Active Account in the Plan, in which case they shall be treated as Authorized Former Participants. Authorized Former Participants shall receive their settlement payments in the form of tax-qualified rollovers to an individual retirement account or other eligible employer plan, or in the form of checks, as provided in Paragraph 6.6 below.

**6.3** Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. Beneficiaries and Alternate Payees with Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Current Participants, subject to Paragraph 6.5.6 below. Beneficiaries and Alternate Payees who do not have Active Accounts as of the date of the Motion for Preliminary Approval will receive payments by the method described in this Article 6 for Authorized Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4   Calculation of Settlement Payments**. Payments to Authorized Former Participants and Current Participants (including Beneficiaries and Alternate Payees) shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows, based on account information maintained and provided by NRECA as the Plan's recordkeeper:

**6.4.1** For each Authorized Former Participant and Current Participant, the Settlement Administrator shall determine an *Average Account Balance*. For purposes of making this determination, the *Average Account Balance* shall be calculated based on the quarter-ending account balance for each Authorized Former Participant and Current Participant for each quarter during the Class Period.[1]

**6.4.2** The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's pro-rata

---

[1] Mathematically stated, the Average Account Balance shall be calculated as follows:
(Q3 2013 Account Balance * 68/92) + (Q4 2013 Account Balance) + (Q1 2014 Account Balance) + (Q2 2014 Account Balance) + (Q3 2014 Account Balance) + (Q4 2014 Account Balance) + (Q1 2015 Account Balance) + (Q2 2015 Account Balance) + (Q3 2015 Account Balance) + (Q4 2015 Account Balance) + (Q1 2016 Account Balance) + (Q2 2016 Account Balance) + (Q3 2016 Account Balance) + (Q4 2016 Account Balance) + (Q1 2017 Account Balance) + (Q2 2017 Account Balance) + (Q3 2017 Account Balance) + (Q4 2017 Account Balance) + (Q1 2018 Account Balance) + (Q2 2018 Account Balance) + (Q3 2018 Account Balance) + (Q4 2018 Account Balance) + (Q1 2019 Account Balance) + (Q2 2019 Account Balance) + (Q3 2019 Account Balance) + (Q4 2019 Account Balance) + (Q1 2020 Account Balance) + (Q2 2020 Account Balance) + Q3 2020 Account Balance * 31/92)
Divided by 28.07 quarters during the Class Period.

share of the Net Settlement Fund based on his or her *Average Account Balance* compared to the sum of the *Average Account Balances* for all Authorized Former Participants and Current Participants. If the dollar amount of the settlement payment to an Authorized Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Authorized Former Participant's payment or pro rata share shall be zero for all purposes.

      **6.4.3**    The Settlement Administrator shall utilize the calculations required to be performed herein for (1) making the required payments to Authorized Former Participants under Paragraph 6.6 of the Settlement Agreement; and (2) instructing NRECA as the Plan's recordkeeper as to the amount of the Net Settlement Fund to be allocated to Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit in the Plan to fulfill this instruction.

      **6.4.4**    The total amount of all tax-qualified rollovers or checks to be written by the Settlement Administrator for Authorized Former Participants, plus the total amount of all allocations that NRECA as the Plan's recordkeeper is instructed to make to Current Participants, may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.5**    **Payments to Current Participants**. Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

      **6.5.1**    No later than forty-five (45) calendar days after the Settlement Effective Date, the Settlement Administrator will provide NRECA, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and NRECA, with an Excel spreadsheet containing the name, the amount of the settlement payment for each of the Current Participants, and any other information requested by NRECA as necessary to effectuate this provision.

      **6.5.2**    No later than sixty (60) days following the Settlement Effective Date, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan of the aggregate amount of all settlement payments payable to Current Participants, as reflected in a spreadsheet provided by the Settlement Administrator. NRECA (as the Plan's recordkeeper) shall therefore credit the individual Active

17

Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

      **6.5.3**     The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If the Current Participant does not have an investment election on file, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

      **6.5.4**     NRECA (as the Plan's recordkeeper) shall process all Current Participant transactions within thirty (30) calendar days after the Net Settlement Amount is paid to the Plan, so long as NRECA has timely received direction from the Settlement Administrator for any Current Participant in accordance with section 6.5.1.

      **6.5.5**     The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

      **6.5.6**     If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant no longer has an Active Account, he or she will be treated as an Authorized Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Paragraph 6.6. A Current Participant who no longer has an Active Account on the date of his or her Settlement distribution need not complete a Former Participant Claim Form.

      **6.6**     **Payments to Authorized Former Participants**. Each Authorized Former Participant will have the opportunity to elect a tax-qualified rollover of his or her settlement payment to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Claim Form, provided that the Authorized Former Participant supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Authorized Former Participant will receive his or her settlement payment directly by check. The distributions shall be issued as follows:

      **6.6.1**     The Settlement Administrator will either effect the rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by the Authorized Former Participant in the Former Participant Claim Form (if the conditions for such rollover are satisfied), or issue a

check from the Qualified Settlement Fund to the Authorized Former Participant and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form.

      **6.6.2**    For each check issued, other than a rollover, the Settlement Administrator shall (1) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (2) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (3) issue appropriate tax forms to the Authorized Former Participants.

      **6.7**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms first to the Independent Fiduciary for its review and approval and second to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

      **6.8**    Within ten (10) Business Days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defendants' Counsel, and NRECA one or more affidavits stating the following: (1) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing; (2) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (3) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (4) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; (5) the name of each Class Member who submitted a Claim Form on or before the Claims Deadline; and (6) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

6.9     The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. NRECA, Defendants' Counsel, Class Counsel, and the Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

6.10    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defendants' Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.11    All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.12    No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.

6.13    The Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

7.      **ARTICLE 7 – PROSPECTIVE RELIEF**

7.1     NRECA agrees that the following procedures shall apply to the management of the Plan on a prospective basis from the Settlement Effective Date until the close of the Plan year 6 years following the Settlement Effective Date and as long thereafter as the Plan's fiduciaries deem prudent and appropriate.

**7.2**      The I&FS Committee shall retain a qualified independent party who is an expert in fiduciary processes ("Independent Fiduciary") to assist it in carrying out the provisions of this Article 7 as further described below.

**7.2.1**      The Independent Fiduciary shall approve any administrative services agreements between NRECA and the Plan, including any amendments thereto.

**7.2.2**      To the extent that NRECA is reimbursed by the Plan on a "direct expenses" basis for the services it provides to the Plan, the following requirements shall apply: (1) in identifying and calculating its "direct expenses", NRECA shall comply with ERISA section 408(c)(2), and the regulations thereunder; and (2) NRECA shall apply the expense methodologies monitored and approved by the Independent Fiduciary in such a manner that is consistent with the I&FS Committee's fiduciary responsibilities under ERISA.

**7.2.2.1**      The Independent Fiduciary shall approve the expense methodology for identifying and calculating "direct expenses." NRECA shall implement that methodology, and the Independent Fiduciary shall monitor NRECA's compliance with the methodology. The Independent Fiduciary may retain a separate accounting expert to assist in (1) monitoring "direct expenses" paid by the Plan and (2) amending or otherwise modifying expense methodologies for determining the appropriateness of "direct expenses."

**7.2.2.2**      The Independent Fiduciary shall determine whether the direct expenses charged to the Plan comply with ERISA Section 408(c)(2) and the regulations thereunder.

**7.2.2.3**      The Independent Fiduciary shall provide an annual report to the I&FS Committee summarizing its review of the direct expenses charged to the Plan and the expense methodologies and any changes thereto.

**7.2.3**      The Independent Fiduciary shall undertake a comprehensive independent consultant study (the "Study") of each third Plan year, beginning with the third Plan year following the Plan year most recently analyzed through an independent consultant study. The Independent Fiduciary shall utilize the Study in providing a recommendation to the I&FS Committee as to whether the engagement of NRECA to provide administrative services to the 401(k) Plan remains prudent and reasonable in light of the nature, quality and cost of the services to the 401(k) Plan.

**7.2.3.1**      The Independent Fiduciary shall conduct and oversee the Study, which shall be

performed by a qualified, independent consultant selected by the Independent Fiduciary ("Consultant") to evaluate the cost and quality of services provided by NRECA to the Plan. The Consultant shall perform the Study on a bundled cost basis at both the central plan and employer level and shall utilize requests for proposals, requests for information, or third-party fee benchmarking that, in its professional opinion, are sufficient for evaluating the costs charged to the Plan and the quality of the services provided by NRECA to the Plan.

**7.2.3.2**    The Consultant study shall consider the fees that would ordinarily be paid for like services by like enterprises under like circumstances. The Consultant shall evaluate the fees charged by NRECA to the Plan in light of the fees for comparable services available from other potential providers to the Plan. The Consultant study shall calculate and evaluate the cost of NRECA's services on both a per participant and percentage-of-assets basis. If the Study compares NRECA's fees to fees paid by other plans for comparable services, the Consultant shall consider comparably sized multiple employer plans (as determined by number of participants, number of employers, asset level and number of plan designs), to the extent the Consultant is able to identify such plans that, in its professional opinion, are useful comparators to the Plan. In comparing the fees paid by the Plan to NRECA with those paid by comparable plans, the Consultant shall take into account the nature and structure of the plans, the services provided to each plan, and any other circumstances the Consultant, in its professional opinion, deems necessary in order to provide an accurate comparison of services and costs provided to the Plan and the comparator plans. NRECA shall be afforded a reasonable opportunity to correct errors, omissions or deficiencies in the Study.

**7.2.3.3**    Based upon the Consultant's Study, the Independent Fiduciary shall provide a written report and recommendation to the I&FS Committee regarding the continued engagement of NRECA to provide administrative services to the Plan.

**7.2.3.4**    Taking into account the results of the Consultant's Study and the Independent Fiduciary's recommendation, the I&FS Committee shall determine whether to continue to retain NRECA to provide Plan administrative services, provided that NRECA shall be afforded a reasonable opportunity to modify or correct any material Plan administration deficiencies identified in the final Study and/or the recommendation of the Independent Fiduciary. The I&FS Committee

shall document the basis for its decision in writing.

**7.2.4**     The I&FS Committee shall conduct an RFP for the Independent Fiduciary not less than once every six (6) years following the Settlement Effective Date.

**7.3**     With respect to NRECA expenses that will be allocated among the plans to which NRECA provides services, those expenses shall be allocated based on a methodology approved by a separate qualified independent party who is an expert in fiduciary process.

**7.4**     With respect to any third-party provider costs shared between the Plan and NRECA or any other benefit plan sponsored by NRECA ("shared expenses"), starting with the Plan year in which the Settlement Effective Date occurs and continuing on a three-year cycle, a party independent of NRECA and qualified with respect to such matters shall review and approve the methods used to allocate to the Plan its portion of the shared expenses incurred in the given Plan year. The independent party shall provide a report to the I&FS Committee summarizing its findings, including whether such methods are reasonable and proper under applicable law.

**7.5**     The I&FS Committee (or its successor) shall be responsible for (and the board manual describing the duties of the Committee, if applicable, shall be amended to describe) the following –

**7.5.1**     The I&FS Committee shall adopt and follow a process for reviewing and approving a detailed annual budget for the provision of services by NRECA to the Plan. Any increases in the budget mid-year must be approved by the I&FS Committee at the next regularly scheduled quarterly meeting. The I&FS Committee shall require NRECA to provide quarterly reports summarizing budgeted versus actual costs, with appropriate explanations for material variances.

**7.5.2**     The I&FS Committee shall require that NRECA provide annual reports to the I&FS Committee summarizing for the year (i) total Plan costs and (ii) NRECA's receipt of direct expenses from the Plan.

**8.**     **ARTICLE 8 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVES' COMPENSATION**

**8.1**     Class Counsel may file a motion for an award of Attorneys' Fees and Costs, and Administrative Expenses, at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Class Representatives may also seek an award of Class Representatives' Compensation. Any such awards shall be paid from the Gross Settlement

Amount. Released Parties shall have no independent responsibility or liability for any amounts awarded by the Court with respect to any amounts awarded pursuant to this Article 8.

       **8.2**      The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, so long as the requested Attorneys' Fees do not exceed one-third of the Gross Settlement Fund ($3,333,333.33) and the requested Class Representatives' Compensation does not exceed $10,000 per Class Representative.

**9.**        **ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE**

       **9.1**      As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1) and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and all Released Parties from the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

       **9.2**      As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to a Department of Labor proceeding or an arbitration proceeding), any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

       **9.3**      The Class Representatives, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with respect to Defendants, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall

expressly, upon the Effective Date of the Final Approval Order, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Members and the Plan acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

9.4    Upon the Effective Date of the Final Approval Order, the Class Representatives, Class Members, and the Plan shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his favor at the time of executing the release and that, if known by him or her, would have materially affected his or settlement with the debtor or released party.

Also, the Class Representatives and Class Members with respect to the Released Claims shall, upon the Effective Approval Order, waive any and all provisions, rights and benefits conferred by any law of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

10.    **ARTICLE 10 – REPRESENTATIONS AND WARRANTIES**

10.1    The Settling Parties represent:

10.1.1    That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

10.1.2    That they assume the risk of mistake as to facts or law;

10.1.3    That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**10.1.4**   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**10.1.5**   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**10.2**   Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**11.   ARTICLE 11 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**11.1**   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1**   Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2**   This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**11.1.3**   The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties; or

**11.1.4**   The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

**11.1.5**   The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications; or

**11.2**   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Action and the Released Claims asserted by the Class Representatives and Class Members shall for all purposes

revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to NRECA's insurers within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    The Court's denial, in whole or in part, of Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation shall not be deemed a failure to approve the Settlement Agreement.

11.4    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and NRECA, on the other hand.

12.    **ARTICLE 12 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT**

12.1    On or before the date that the Settlement Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Amended Complaint, Settlement Agreement and Exhibits thereto, Settlement Notices, Former Participants Claim Form, Preliminary Approval Order and any other Court orders related to the Settlement, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

12.2    On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

13.    **ARTICLE 13 – GENERAL PROVISIONS**

13.1    The undersigned counsel, on behalf of themselves and the Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to

do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

13.2     Within sixty (60) calendar days after the close of the Settlement Period, the Settling Parties shall either return to the producing parties, or destroy, all documents, communications, or things produced in discovery under a claim of confidentiality pursuant to the Confidentiality Order entered in the Action. Each Settling Party shall serve a written notice to each producing party certifying that the Settling Party has carried out the obligations imposed by this Paragraph 13.2. The Settling Parties, Class Counsel, and Defendants' Counsel agree that at all times they will honor the requirements of the Confidentiality Order, notwithstanding the settlement of the Action.

13.3     The Class Representatives, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants of any wrongdoing, fault, or liability whatsoever by any of Defendants, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or any other proceeding, and Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in the Action. The Class Representatives, Class Counsel, and the Class Members agree that this Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

13.4     Neither the Defendants, the Released Parties, the Class Representatives, Class Counsel, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (1) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (2) the determination of the Independent Fiduciary; (3) the management, investment, or distribution of the Qualified Settlement Fund; (4) the Plan of Allocation as approved by the Court; (5) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (6) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (7) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns.

13.5     This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law.

**13.6**     Class Counsel, Defendants' Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

**13.6.1**     If Class Counsel, Defendants' Counsel, or a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party, including in such notice: (1) a reference to all specific provisions of the Settlement Agreement that are involved; (2) a statement of the alleged non-compliance; (3) a statement of the remedial action sought; and (4) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**13.6.2**     Within ten (10) business days after receiving the notice described in Paragraph 13.6.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**13.6.3**     For a period of not more than ten (10) business days following mailing of the response described in Paragraph 13.6.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone or videoconference, to attempt to resolve the dispute;

**13.6.4**     If the dispute is not resolved during the period described in Paragraph 13.6.3, either party may request that the Court resolve the dispute;

**13.6.5**     In connection with any disputes concerning compliance with the Settlement Agreement, the Settling Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

**13.7**     The Settling Parties agree that the Court has personal jurisdiction over the Class Representatives, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

**13.8**     The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

13.9     Each Settling Party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

13.10     Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

13.11     This Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

13.12     This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

13.13     The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

13.14     Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

13.15     All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 3 – Former Participant Claim Form; Exhibit 4 – Preliminary Approval Order; Exhibit 5 – Final Approval Order.

13.16     No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.17**     Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE CLASS REPRESENTATIVESS:

> Brock Specht (bspecht@nka.com)
> Kai Richter (krichter@nka.com)
> NICHOLS KASTER, PLLP
> 4600 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

IF TO DEFENDANTS:

> Sarah Adams (sadams@groom.com)
> Edward Meehan (emeehan@groom.com)
> GROOM LAW GROUP, CHARTERED
> 1701 Pennsylvania Ave., NW, Suite 1200
> Washington, DC 20006

* * *

SIGNED ON BEHALF OF CLASS REPRESENTATIVES Thaddius Intravaia and Steven Marvik, Individually and as Representatives of the Class

Dated: 07/31/2020

_____
Thaddius Intravaia

Dated:_____

_____
Steven Marvik

Dated:_____

_____
Brock Specht
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 256-6870

*Attorney for the Class Representatives*
*and the Class*



**RightSignature**

**SIGNATURE
CERTIFICATE**

**REFERENCE NUMBER**
95F9D702-5F55-4AE2-B249-0E4EB84BB01D

| TRANSACTION DETAILS | DOCUMENT DETAILS |
| --- | --- |
| **Reference Number**<br>95F9D702-5F55-4AE2-B249-0E4EB84BB01D | **Document Name**<br>Nreca Settlement Agreement For Execution - Intravaia |
| **Transaction Type**<br>Signature Request | **Filename**<br>nreca_settlement_agreement_for_execution_-_intravaia.pdf |
| **Sent At**<br>07/31/2020 15:39 EDT | **Pages**<br>33 pages |
| **Executed At**<br>07/31/2020 16:14 EDT | **Content Type**<br>application/pdf |
| **Identity Method**<br>email | **File Size**<br>166 KB |
| **Distribution Method**<br>email | **Original Checksum**<br>2a02a2db45fb6d4a2fcf642931253c576b0f63561ff0352a943edd51ecc4bb6 |
| **Signed Checksum**<br>e045582983c586c3859efd6134f2b4ce57a7d35a9149faa1cf72a93f3d92a3840 | |
| **Signer Sequencing**<br>Disabled | |
| **Document Passcode**<br>Disabled | |

## SIGNERS

| SIGNER | E-SIGNATURE | EVENTS |
| --- | --- | --- |
| **Name**<br>Thaddius Intravaia | **Status**<br>signed | **Viewed At**<br>07/31/2020 16:14 EDT |
| **Email**<br>jlee@nka.com | **Multi-factor Digital Fingerprint Checksum**<br>42b4fd215ab484e4ef501e04939f203bb361c015ed79837353844eb6374656ca0 | **Identity Authenticated At**<br>07/31/2020 16:14 EDT |
| **Components**<br>2 | **IP Address**<br>24.100.128.146 | **Signed At**<br>07/31/2020 16:14 EDT |
| | **Device**<br>Chrome via Windows | |
| | **Drawn Signature** | |
| | **Signature Reference ID**<br>F57D231F | |
| | **Signature Biometric Count**<br>173 | |

## AUDITS

| TIMESTAMP | AUDIT |
| --- | --- |
| 07/31/2020 16:14 EDT | Thaddius Intravaia (jlee@nka.com) signed the document on Chrome via Windows from 24.100.128.146. |
| 07/31/2020 16:14 EDT | Thaddius Intravaia (jlee@nka.com) authenticated via email on Chrome via Windows from 24.100.128.146. |
| 07/31/2020 16:14 EDT | Thaddius Intravaia (jlee@nka.com) viewed the document on Chrome via Windows from 66.102.8.12. |
| 07/31/2020 16:13 EDT | Thaddius Intravaia (jlee@nka.com) viewed the document on Chrome via Windows from 24.100.128.146. |
| 07/31/2020 15:39 EDT | Thaddius Intravaia (jlee@nka.com) was emailed a link to sign. |
| 07/31/2020 15:39 EDT | Sean Kelly (skelly@nka.com) created document 'nreca_settlement_agreement_for_execution_-_intravaia.pdf' on Chrome via Windows from 207.250.239.174. |

SIGNED ON BEHALF OF CLASS REPRESENTATIVES Thaddius Intravaia and Steven Marvik, Individually and

as Representatives of the Class


Dated:_____        _____
                                           Thaddius Intravaia


Dated: 07/31/2020              _____
                                           Steven Marvik


Dated:_____        _____
                                           Brock Specht
                                           NICHOLS KASTER, PLLP
                                           4600 IDS Center
                                           80 South 8th Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 256-3200
                                           Facsimile: (612) 256-6870

                                           *Attorney for the Class Representatives
                                           and the Class*



**REFERENCE NUMBER**
F839B5F6-9D78-4999-B750-570C10DE4E42

RightSignature

**SIGNATURE CERTIFICATE**

| TRANSACTION DETAILS | DOCUMENT DETAILS |
|---|---|
| **Reference Number**<br>F839B5F6-9D78-4999-B750-570C10DE4E42 | **Document Name**<br>Nreca Settlement Agreement For Execution - Marvik |
| **Transaction Type**<br>Signature Request | **Filename**<br>nreca_settlement_agreement_for_execution_-_marvik.pdf |
| **Sent At**<br>07/31/2020 15:41 EDT | **Pages**<br>33 pages |
| **Executed At**<br>07/31/2020 15:52 EDT | **Content Type**<br>application/pdf |
| **Identity Method**<br>email | **File Size**<br>166 KB |
| **Distribution Method**<br>email | **Original Checksum**<br>2a02a2d6d5fb6d4a2fcf442931253c574b0f63561ff0352a943edd011ecc4bb6 |
| **Signed Checksum**<br>6f366bc6dc7b17605e92e9c773626aa0b33ab1cfaa7238a9c8850eeba04ead9c | |
| **Signer Sequencing**<br>Disabled | |
| **Document Passcode**<br>Disabled | |

## SIGNERS

| SIGNER | E-SIGNATURE | EVENTS |
|---|---|---|
| **Name**<br>Steven Marvik | **Status**<br>signed | **Viewed At**<br>07/31/2020 15:50 EDT |
| **Email**<br>jlee@nka.com | **Multi-factor Digital Fingerprint Checksum**<br>1d3cee13274f69f32d21bd7b59e6f112aaae9e4f71d120bc3dd19ceaa0d7afa4 | **Identity Authenticated At**<br>07/31/2020 15:52 EDT |
| **Components**<br>2 | **IP Address**<br>73.169.142.19 | **Signed At**<br>07/31/2020 15:52 EDT |
| | **Device**<br>Chrome via Mac | |
| | **Drawn Signature** | |
| | *[signature]* | |
| | **Signature Reference ID**<br>DDF117DC | |
| | **Signature Biometric Count**<br>526 | |

## AUDITS

| TIMESTAMP | AUDIT |
|---|---|
| 07/31/2020 15:52 EDT | Steven Marvik (jlee@nka.com) signed the document on Chrome via Mac from 73.169.142.19. |
| 07/31/2020 15:52 EDT | Steven Marvik (jlee@nka.com) authenticated via email on Chrome via Mac from 73.169.142.19. |
| 07/31/2020 15:50 EDT | Steven Marvik (jlee@nka.com) viewed the document on Chrome via Mac from 73.169.142.19. |
| 07/31/2020 15:41 EDT | Steven Marvik (jlee@nka.com) was emailed a link to sign. |
| 07/31/2020 15:41 EDT | Sean Kelly (skelly@nka.com) created document 'nreca_settlement_agreement_for_execution_-_marvik.pdf' on Chrome via Windows from 207.250.239.174. |

SIGNED ON BEHALF OF CLASS REPRESENTATIVES Thaddius Intravaia and Steven Marvik, Individually and

as Representatives of the Class


Dated:_____         _____
                               Thaddius Intravaia


Dated:_____         _____
                               Steven Marvik

Dated:___July 31, 2020__        _____
                               Brock Specht
                               NICHOLS KASTER, PLLP
                               4600 IDS Center
                               80 South 8th Street
                               Minneapolis, MN 55402
                               Telephone: (612) 256-3200
                               Facsimile: (612) 256-6870

                               *Attorney for the Class Representatives
                               and the Class*

SIGNED ON BEHALF OF DEFENDANTS.

Dated:___July 31, 2020_____          _____
                                        Sarah Adams (sadams@groom.com)
                                        GROOM LAW GROUP, CHARTERED
                                        1701 Pennsylvania Ave., NW, Suite 1200
                                        Washington, DC 20006

                                        *Attorney for Defendants*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Thaddius Intravaia, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> National Rural Electric Cooperative Association, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00973-LO-IDD |

**<u>NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING</u>**

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**Your legal rights may be affected if you are a member of the following class:**

All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through July 31, 2020 excluding members of the Insurance and Financial Services Committee, National Rural Electric Cooperative Association's ("NRECA") Board of Directors, and the Plan Administrator.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") for the Plan as a result of a class action lawsuit brought by certain participants in the Plan against NRECA and other alleged fiduciaries of the Plan (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $10 million Settlement fund that will be allocated to eligible Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan as of July 31, 2020 (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Class Members who did not have an Active Account as of July 31, 2020 (referred to herein as "Former Participants") must submit a claim form to be deemed an "Authorized Former Participant" and receive an allocation, and may receive their allocation in the form of a check or a rollover. Current Participants who have an Active

1

Account as of July 31, 2020, but who no longer have an Active Account at the time monies are distributed will be treated as "Authorized Former Participants" and will receive an allocation by check.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated July 31, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may also be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

- Your rights and the choices available to you — and the applicable deadlines to act — are explained in this Settlement Notice. Please note that neither NRECA nor any employees or representatives of NRECA may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Liam O'Grady at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom _____, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, along with any supporting documents, must be mailed to Class Counsel and Defendants' Counsel, as identified under Question 11 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A CURRENT PARTICIPANT. YOU WILL NEED TO CONTACT THE SETTLEMENT ADMINISTRATOR IF THIS IS NOT CORRECT.** | Our records indicate that you are a Current Participant. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a "Former Participant" who did not have an Active Account in the Plan as of July 31, 2020, or are the beneficiary or alternate payee of a Former Participant, then you must mail a Former Participant Claim Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount. If you are a Former Participant, and you do not mail the Former Participant Claim Form by the above deadline, you will forfeit your share of the Net Settlement |

| | Amount. If you believe you are a Former Participant, a claim form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
|---|---|
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, you must mail an objection and any supporting documents to Class Counsel and Defendants' Counsel (as identified under Question 11below). |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |

**The Class Action**

The case is called *Intravaia, et al. v. National Rural Electric Cooperative Association, et al.,* Case No. 1:19-cv-00973-LO-IDD (E.D. Va.) (the "Class Action" or "lawsuit"). It has been pending since July 25, 2019. The Court supervising the case is the United States District Court for the Eastern District of Virginia. The individuals who brought this lawsuit are called the Class Representatives, and the entities they sued are called Defendants. The Class Representatives, Thaddius Intravaia and Steven Marvik, are current participants in the Plan. The Defendants are NRECA and the Insurance & Financial Services Committee, ("I&FS Committee"). The Class Representatives' claims are described below, and additional information about those claims is available at [www.settlementwebsite.com].

**The Settlement**

Following negotiations, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $10,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $10,000,000 minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Class Representatives' Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement. They also have advanced all costs necessary to pursue the case, and have not been paid for any of their time while this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($3,333,333.33). In addition, Class Counsel will also seek to recover their costs and the administrative expenses associated with the settlement. Any Attorneys' Fees and Costs

3

and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $10,000 each, for the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. Any Class Representatives' Compensation awarded by the Court also will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov.

### 1.   Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2.   What Is The Class Action About?

In the Class Action, the Class Representatives claim that Defendants breached their fiduciary duties and engaged in prohibited transactions to the detriment of the Plan and its participants.

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

### 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. The Settlement has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

### 4.   What Does The Settlement Provide?

Under the Settlement, NRECA or its insurers will pay $10,000,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives'

4

Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further under Question 5 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plans. Authorized Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that prospectively, Defendants will commit to certain processes and procedures designed to ensure that the Plan's fees are reasonable and comply with applicable law. The complete terms regarding prospective relief are set forth in Article VII of the Settlement Agreement, which is available on the Settlement Website at [www.settlementwebsite.com].

All Class Members and anyone claiming through them will fully release the Released Parties from Released Claims. The Released Parties include (1) each Defendant; (2) each Defendant's affiliates, members, shareholders, directors, officers, employees, attorneys, partners, insurers, predecessors, successors, and any person or agent acting on their behalf; (3) the Plan and any and all administrators, fiduciaries, parties in interest, service providers, and trustees of the Plan. Generally, the release means that Class Members will not have the right to sue the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire release language is set forth in the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. There are approximately 93,000 Class Members.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

The Net Settlement Amount will be divided pro rata among Class Members based on each eligible Class Member's Average Account Balance invested in the Plan during the Class Period. For purposes of making this determination, the *Average Account Balance* shall be calculated based on the quarter-ending account balance for each Authorized Former Participant and Current Participant for each quarter during the Class Period.

Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation that are awarded by the Court, as these will be paid out of the Gross Settlement Amount of $10,000,000. Class Counsel will file

a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount ($3,333,333.33). Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

### 6.  How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.** If this is not correct, you need to contact the Settlement Administrator to obtain a Former Participant Claim Form. The Former Participant Claim Form will explain the next steps necessary to receive your distribution. If you are considered a Current Participant because you had an Active Account as of July 31, 2020, but you no longer have an Active Account when the Settlement is distributed to Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at Analytics Consulting LLC, [mailing address].

### 7.  When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

### 8.  Can I Get Out Of The Settlement?

No. The Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

### 9.  Do I Have A Lawyer In The Case?

The Court has appointed the law firm Nichols Kaster, PLLP in Minneapolis, Minnesota as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be made available at [www.settlementwebsite.com] and be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount ($3,333,333.33). Class Counsel also will seek to recover all actual and anticipated litigation costs and Administrative Expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representatives' compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be available via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by mailing a written objection and any supporting documents to Class Counsel and to Defendants' Counsel at the addresses below. Class Counsel will respond to your objection in their motion for final approval of the Settlement. Your written objection must be mailed no later than [DATE] to be considered.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| NICHOLS KASTER, PLLP<br>Attn: NRECA Plan Settlement<br>4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | GROOM LAW GROUP, CHARTERED<br>ATTN: SARAH M. ADAMS<br>1701 Pennsylvania Ave., NW, Suite 1200<br>Washington, DC 20006 |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom XXX. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If there are objections, the Court will consider them then. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.settlementwebsite.com].

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

### 14. May I Speak At The Fairness Hearing?

Yes. You do not need to submit a notice of your intention to appear in order to speak at the hearing, but you must comply with the requirements for making an objection (set forth above) if you wish to object.

### 15. What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount, if the Settlement is finally approved**. If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, but you will not receive any money. Former participants must timely submit a claim form to receive monetary compensation.

### 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Thaddius Intravaia, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>National Rural Electric Cooperative Association, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00973-LO-IDD |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING
### This is a notice of a proposed class action settlement in the above-referenced lawsuit.
### Your legal rights may be affected if you are a member of the following class:

All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through   July 31, 2020 excluding members of the Insurance and Financial Services Committee, National Rural Electric Cooperative Association's ("NRECA") Board of Directors, and the Plan Administrator.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") for the Plan as a result of a class action lawsuit brought by certain participants in the Plan against NRECA and other alleged fiduciaries of the Plan (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $10 million Settlement fund that will be allocated to eligible Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan as of July 31, 2020 (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Class Members who did not have an Active Account as of July 31, 2020 (referred to herein as "Former Participants") must submit a claim form to be deemed an "Authorized Former Participant" and receive an allocation, and may receive their allocation in the form of a check or a rollover. Current Participants who have an Active Account as of July 31, 2020, but who no longer have an Active Account at the time monies are

1

distributed will be treated as "Authorized Former Participants" and will receive an allocation by check.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated July 31, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may also be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

- Your rights and the choices available to you — and the applicable deadlines to act — are explained in this Settlement Notice. Please note that neither NRECA nor any employees or representatives of NRECA may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME] before the Honorable Liam O'Grady at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom ____, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, along with any supporting documents, must be mailed to Class Counsel and Defendants' Counsel, as identified under Question 11 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT. YOU MUST MAIL A CLAIM FORM POSTMARKED ON OR BEFORE [DATE] TO RECEIVE ANY MONIES** | Our records indicate that you are a Former Participant. You must mail a Former Participant Claim Form postmarked on or before [DATE] to receive your share of the Net Settlement Amount. The Former Participant Claim Form is included with this Notice. If you do not mail the Former Participant Claim Form postmarked on or before [DATE], you will forfeit your share of the Net Settlement Amount. |

| **FROM THE SETTLEMENT.** | |
|---|---|
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, you must mail an objection and any supporting documents to Class Counsel and Defendants' Counsel (as identified under Question 11 below). |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |

## The Class Action

The case is called *Intravaia, et al. v. National Rural Electric Cooperative Association, et al.,* Case No. 1:19-cv-00973-LO-IDD (E.D. Va.) (the "Class Action" or "lawsuit"). It has been pending since July 25, 2019. The Court supervising the case is the United States District Court for the Eastern District of Virginia. The individuals who brought this lawsuit are called the Class Representatives, and the entities they sued are called Defendants. The Class Representatives, Thaddius Intravaia and Steven Marvik, are current participants in the Plan. The Defendants are NRECA and the Insurance & Financial Services Committee ("I&FS Committee"). The Class Representatives' claims are described below, and additional information about those claims is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $10,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $10,000,000 minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Class Representatives' Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation Sought in the Class Action

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement. They also have advanced all costs necessary to pursue the case, and have not been paid for any of their time while this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($3,333,333.33). In addition, Class Counsel will also seek to recover their costs and the administrative expenses associated with the settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $10,000 each, for the Class Representatives who took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. Any Class Representatives' Compensation awarded by the Court also will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov.

### 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2. What Is The Class Action About?

In the Class Action, the Class Representatives claim that Defendants breached their fiduciary duties and engaged in prohibited transactions to the detriment of the Plan and its participants .

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. The Settlement has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

### 4. What Does The Settlement Provide?

Under the Settlement, NRECA or its insurers will pay $10,000,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation) will be allocated to Class Members according to a Plan of Allocation to be

approved by the Court (as explained further under Question 5 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plans. Authorized Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that prospectively, Defendants will commit to certain processes and procedures designed to ensure that the Plan's fees are reasonable and comply with applicable law.  The complete terms regarding prospective relief are set forth in Article VII of the Settlement Agreement, which is available on the Settlement Website at [www.settlementwebsite.com].

All Class Members and anyone claiming through them will fully release the Released Parties from Released Claims. The Released Parties include (1) each Defendant; (2) each Defendant's affiliates, members, shareholders, directors, officers, employees, attorneys, partners, insurers, predecessors, successors, and any person or agent acting on their behalf; (3) the Plan and any and all administrators, fiduciaries, parties in interest, service providers, and trustees of the Plan. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire release language is set forth in the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. There are approximately 93,000 Class Members.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a Beneficiary or Alternate Payee of a person identified in (1) or (2).

The Net Settlement Amount will be divided pro rata among Class Members based on each eligible Class Member's Average Account Balance invested in the Plan during the Class Period. For purposes of making this determination, the *Average Account Balance* shall be calculated based on the quarter-ending account balance for each Authorized Former Participant and Current Participant for each quarter during the Class Period.

Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation that are awarded by the Court, as these will be paid out of the Gross Settlement Amount of $10,000,000. Class Counsel will file

a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 6.  How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you must return a valid, timely Former Participant Claim Form to receive your share of the Settlement. The Former Participant Claim Form is included with this Notice.**

## 7.  When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## 8.  Can I Get Out Of The Settlement?

No. The Class has been certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

## 9.  Do I Have a Lawyer in the Case?

The Court has appointed the law firm Nichols Kaster, PLLP in Minneapolis, Minnesota as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be made available at [www.settlementwebsite.com] and be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and Administrative Expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representatives' compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be available via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

### 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by mailing a written objection and any supporting documents to Class Counsel and to Defendants' Counsel at the addresses below. Class Counsel will respond to your objection in their motion for final approval of the Settlement. Your written objection must be  mailed no later than [DATE] to be considered.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| NICHOLS KASTER, PLLP<br>Attn: NRECA Plan Settlement<br>4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 | GROOM LAW GROUP, CHARTERED<br>ATTN:  SARAH M. ADAMS<br>1701 Pennsylvania Ave., NW, Suite 1200<br>Washington, DC 20006 |

### 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at [TIME] on [DATE] at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, in Courtroom XXX. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If there are objections, the Court will consider them then. The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.settlementwebsite.com].

### 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

### 14. May I Speak At The Fairness Hearing?

Yes. You do not need to submit a notice of your intention to appear in order to speak at the hearing, but you must comply with the requirements for making an objection (set forth above) if you wish to object.

### 15. What Happens If I Do Nothing At All?

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, but you will not receive any money. Former Participants must timely submit a claim form to receive monetary compensation.

### 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and may be reviewed in person, as allowed by the Court, during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.

# EXHIBIT 3

**NRECA 401(k) Pension Plan Settlement Administrator**
**P.O. Box [number]**
**[City, State, ZIP]**
**[www.settlementwebsite.com]**

## FORMER PARTICIPANT CLAIM FORM

JOHN Q CLASSMEMBER                        Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants** of the NRECA 401(k) Pension Plan, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who no longer had an Active Account in the Plan as of July 31, 2020.

This form must be completed, signed and mailed with a postmark on or before **[DATE]** to the Settlement Administrator in order for you receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment.** Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

*********************************************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, for your records.

2.  **Mail your completed Former Participant Claim Form postmarked on or before [DATE] to the Settlement Administrator at the following address:**

    **NRECA 401(k) Pension Plan Settlement Administrator**
    **P.O. Box [number]**
    **[City, State, ZIP]**

    It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4, below, payment will be made to you by check.

    •   If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator.

    •   Timing of Payments to Eligible Class Members. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will likely be distributed within approximately 90 days after the Court's final approval order due to the need to process and verify information for all Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration, and claim processing is available on the settlement website, [www.settlementwebsite.com].

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *Intravaia, et al. v. National Rural Electric Cooperative Association, et al.*, Case No. 1:19-cv-00973-LO-IDD (E.D. Va.). That settlement provides allocation of monies to the individual accounts of persons who participated in the NRECA 401(k) Pension Plan (the "Plan") at any time during the period from July 25, 2013 through July 31, 2020 ("Class Members") as defined in the Settlement Agreement. Class Members who are entitled to a distribution but who no longer had Active Accounts as of July 31, 2020 ("Former Participants") will receive their allocations in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked on or before **[DATE]** to the Settlement Administrator. For more information about the Settlement, please see [www.settlementwebsite.com] or call [phone number].

Because you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make a payment election, please complete and mail this Former Participant Claim Form postmarked on or before **[DATE]** to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION

First Name                                             Middle    Last Name

Mailing Address

City                                                                                          State      Zip Code

Home Phone                                      Work Phone or Cell Phone

Participant's Social Security Number       Participant's Date of Birth

Email Address                                    M M      D D      Y Y Y Y

☐ Check here if you are a Former Participant, but did not receive this Claim Form in the mail.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                        Middle    Last Name

Your Social Security Number or Tax ID Number      Your Date of Birth

Your Mailing Address                             M M      D D      Y Y Y Y

City, State, ZIP

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)     ☐ 401(a)/401(k)     ☐ 403(b)

☐ Direct Rollover to a Traditional IRA     ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                    State     Zip Code

Your Account Number                          Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

_____     M M   D D   Y Y Y Y
**Participant Signature**                    **Date Signed (Required)**

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]**

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Thaddius Intravaia, *et al*., | |
| Plaintiffs, | |
| v. | Case No. 1:19-cv-00973-LO-IDD |
| National Rural Electric Cooperative Association, *et al*., | |
| Defendants. | |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims of alleged breaches of fiduciary duties and prohibited transactions in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants National Rural Electric Cooperative Association ("NRECA"), and the Insurance and Financial Services Committee ("I&FS Committee") in connection with the NRECA 401(k) Pension Plan (the 'Plan").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated July 31, 2020 (the "Settlement Agreement"), executed by Class Representatives Thaddius Intravaia and Steven Marvik, Class Counsel, and counsel for Defendants. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the motion for preliminary approval, and good cause appearing therefore,

1

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A.    The Settlement was negotiated at arm's length, only after Class Counsel had received pertinent information and documents from Defendants and non-parties;

    B.    Class Counsel and the Class Representatives have adequately represented the proposed class and have submitted declarations in support of the Settlement; and

    C.    Considering the relevant Fourth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order], 20___, at _____.m., in Courtroom XXX of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, before the undersigned United States District Court Judge, to determine, among other issues:

    A.    Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B.    Whether the Court should enter the Final Approval Order, and

    C.    Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

4. **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through July 31, 2020 excluding members of the Insurance and Financial Services Committee, NRECA's Board of Directors, and the Plan Administrator.

The Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class. Further, the Court appoints Thaddius Intravaia and Steven Marvik as representatives for the Settlement Class.

5. **Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the Settlement for mailing to Class Members ("Settlement Notices") and the proposed Former Participant Claim Form to Former Participants.

    A.    The Court finds that the Settlement Notices and content therein fairly and adequately:

        i.    Summarize the claims asserted;

        ii.    Describe the terms and effect of the Settlement;

        iii.    Notify the Settlement Class that Class Counsel will seek disbursements from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation;

        iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        v.    Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation.

    B.    The Settlement Administrator shall send by first class mail the appropriate

Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within thirty-five (35) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by NRECA as the Plan's recordkeeper. Former participants must file a Former Participant Claim Form with the Settlement Administrator by [a date no later than ten (10) calendar days before the Fairness Hearing] in order to be considered for a distribution pursuant to the Plan of Allocation.

C.     On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.

D.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

**6.     Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims. Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

**7.     Objections to Settlement**:   Any objections to the fairness, reasonableness or

4

adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely filed with the Clerk of the Court and sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

8.     **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9.     **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Liam O'Grady
United States District Judge

5

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Thaddius Intravaia, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:19-cv-00973-LO-IDD |
| National Rural Electric Cooperative Association, *et al.*, | |
| Defendants. | |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Wherefore, this __ day of _____, 20___, upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement dated July 31, 2020 (herein the "Settlement Agreement" or "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    The Court has subject matter jurisdiction over the action and retains jurisdiction for purposes of enforcing and interpreting the Settlement Agreement.

3.    The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through July 31, 2020 excluding members of the Insurance and Financial Services Committee, NRECA's Board of Directors, and the Plan Administrator.

1

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5. The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator (Analytics Consulting LLC), Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, __% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement was negotiated at arm's length only after Class Counsel had received pertinent information and documents from Defendants;

2

        B.      The Settling Parties were well positioned to evaluate the value of the Class Action;

        C.      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

        D.      The amount of the Settlement ($10,000,000) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

        E.      The Class Representatives have actively and independently participated in the Class Action;

        F.      The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

        G.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

        H.      There were _____ objections to the settlement. _____ of those objections were timely. The Court has considered all of them and has overruled them with prejudice.

        I.      The Settlement was reviewed by an independent fiduciary, _____, who has approved the Settlement.

    9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

    10.      The Action and all Released Claims asserted therein, whether asserted by the Class

Representatives on their own behalf or on behalf of the Class Members, or derivatively on behalf of the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11.     The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, and whether or not such Class Members have filed an objection to the Settlement.

12.     The Plan shall be (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims

13.     The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims,

liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.    The Court finds that all applicable CAFA requirements have been satisfied.

15.    The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

16.    Within twenty-eight (28) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

17.    Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____        _____

                                            Hon. Liam O'Grady
                                            United States District Judge