UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| Thaddius Intravaia, *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>National Rural Electric Cooperative Association,<br>*et al.*,<br><br>             Defendants. | Case No. 1:19-cv-00973-LO-IDD |

### ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY
### APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties and prohibited transactions in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants National Rural Electric Cooperative Association ("NRECA"), and the Insurance and Financial Services Committee ("I&FS Committee") in connection with the NRECA 401(k) Pension Plan (the 'Plan").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated July 31, 2020 (the "Settlement Agreement"), executed by Class Representatives Thaddius Intravaia and Steven Marvik, Class Counsel, and counsel for Defendants. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the motion for preliminary approval, and good cause appearing therefore,

1

**It is hereby ORDERED as follows:**

1.      **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.      The Settlement was negotiated at arm's length, only after Class Counsel had received pertinent information and documents from Defendants and non-parties;

B.      Class Counsel and the Class Representatives have adequately represented the proposed class and have submitted declarations in support of the Settlement; and

C.      Considering the relevant Fourth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2.      **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order], 20~~20~~, at _____11:00_____.m., in Courtroom XXX of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, before the undersigned United States District Court Judge, to determine, among other issues:

A.      Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B.      Whether the Court should enter the Final Approval Order, and

C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation.

3.      **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

2

4.    **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the NRECA 401(k) Pension Plan at any time from July 25, 2013 through July 31, 2020 excluding members of the Insurance and Financial Services Committee, NRECA's Board of Directors, and the Plan Administrator.

The Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class. Further, the Court appoints Thaddius Intravaia and Steven Marvik as representatives for the Settlement Class.

5.    **Class Notice:** The Settling Parties have presented to the Court proposed forms of notice regarding the Settlement for mailing to Class Members ("Settlement Notices") and the proposed Former Participant Claim Form to Former Participants.

      A.    The Court finds that the Settlement Notices and content therein fairly and adequately:

             i.    Summarize the claims asserted;

             ii.    Describe the terms and effect of the Settlement;

             iii.    Notify the Settlement Class that Class Counsel will seek disbursements from the Qualified Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation;

             iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

             v.    Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation.

      B.    The Settlement Administrator shall send by first class mail the appropriate

Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within thirty-five (35) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by NRECA as the Plan's recordkeeper. Former participants must file a Former Participant Claim Form with the Settlement Administrator by [a date no later than ten (10) calendar days before the Fairness Hearing] in order to be considered for a distribution pursuant to the Plan of Allocation.

C.     On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.

D.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

6.     **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims. Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

7.     **Objections to Settlement:**   Any objections to the fairness, reasonableness or

4

adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely filed with the Clerk of the Court and sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

8.      **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9.      **Continuance of Hearing**: The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: ___Aug 6, 2020___

_____
Hon. Liam O'Grady
United States District Judge